JULIANA HERMAN *v.* FERDINAND ENDRISS

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued March 9—decision released June 15, 1982

*Louis M. Winer,* for the appellant (plaintiff).

*Carter LaPrade,* for the appellee (defendant).

Speziale, C. J. In this action, the plaintiff alleges that the defendant tortiously interfered with an employment contract between the plaintiff and her employer. The plaintiff has appealed from the summary judgment rendered for the defendant, claiming that the trial court erred in concluding that there is no genuine issue as to any material fact.

The plaintiff in her complaint alleges that she had been employed since March, 1976 by David W. Mabee as a housekeeper and that she also provided various personal services and personal care for Mabee. She further alleges that the defendant, who was a long-time friend of the elderly Mabee, interfered with this employment contract by trying to dismiss the plaintiff on the purported authority of Mabee's power of attorney which was held by the defendant. She also alleges that the attempted dismissal was contrary to the express wishes of Mabee and that the power of attorney held by the defendant was invalid. The plaintiff claims, inter alia, both injunctive relief and damages.

After her complaint was filed, the plaintiff sought and obtained a temporary restraining order. An agreement between the parties continued the plaintiff's employment after the expiration of the temporary restraining order. Subsequently, conservators were appointed for Mabee and the plaintiff's employment apparently continued under their authority.

The plaintiff's employer, David Mabee, died on June 4, 1978. Thereafter, by way of special defense[1] and by a motion for summary judgment, the defend-

---

[1] The defendant's "Special Defense" provided:

"1. David Mabee died June 4, 1978.

2. Plaintiff remained employed in the Mabee household, in accord-

ant alleged that the case has become moot because of the death of Mabee. The trial court, in granting the defendant's motion for summary judgment, apparently agreed that the case is moot.[2] In its judgment, the trial court concluded that there is no genuine issue as to any material fact.

The question before us is whether there remains a genuine issue as to any material fact after the death of the plaintiff's employer. We conclude that the case is not moot and that the summary judgment was erroneous because there is a genuine issue as to material facts.

The death of the plaintiff's employer obviously renders moot any claim for additional injunctive relief, but the plaintiff's claim for damages because of the defendant's previous alleged interference is not moot. A plaintiff may recover damages for tortious interference with a contract not only where the contract is thereby not performed; 4 Restatement (Second), Torts § 766;[3] but also where the interference causes the performance "to be more

---

ance with a court order stipulated on June 23, 1977, until after Mr. Mabee's death.

3. The case is now moot.

Defendant,<br>By Carter LaPrade<br>Thompson, Weir & Barclay"

[2] We note that the trial court failed to articulate the basis of its decision as required by Practice Book § 3060B.

[3] 4 Restatement (Second), Torts § 766: "INTENTIONAL INTERFERENCE WITH PERFORMANCE OF CONTRACT BY THIRD PERSON. One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract."

expensive or burdensome . . . ." Id., § 766A.[4] "[I]t is not essential to the cause of action that the tort has resulted in an actual breach of contract." *Harry A. Finman & Sons, Inc.* v. *Connecticut Truck & Trailer Service Co.*, 169 Conn. 407, 415, 363 A.2d 86 (1975); see *Goldman* v. *Feinberg*, 130 Conn. 671, 674, 37 A.2d 355 (1944); *Skene* v. *Carayanis*, 103 Conn. 708, 714, 131 A. 497 (1926). A plaintiff states an actionable cause by alleging that the defendant intentionally interfered with a business or contractual relationship of the plaintiff and that the plaintiff, as a result, has suffered an actual loss. *Harry A. Finman & Sons, Inc.* v. *Connecticut Truck & Trailer Service Co.*, supra.

In her complaint, the plaintiff alleges that "[a]t diverse times during the course of the plaintiff's employment, the defendant interfered with the plaintiff's contractual relations with David W. Mabee, and with the plaintiff's ability to carry out her responsibilities under said contract of employment." That allegation, together with the claim for damages, is sufficient to state a cause of action for damages resulting from the defendant's alleged interference with the contract, which action is in no way affected by Mabee's subsequent death. The specifics of the damages which the plaintiff is

---

[4] 4 Restatement (Second), Torts § 766A: "INTENTIONAL INTERFERENCE WITH ANOTHER'S PERFORMANCE OF HIS OWN CONTRACT. One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him."

claiming are given in the plaintiff's reply[5] to the

[5] The plaintiff's "Reply to Defendant's Special Defense" provided:

### "PLAINTIFF'S REPLY TO DEFENDANT'S SPECIAL DEFENSE

1. Paragraph 1 of the special defense is admitted.

2. That portion of paragraph 2 which states 'plaintiff remained employed in the Mabee household until after Mr. Mabee's death' is admitted. As to the remainder of paragraph 2: Plaintiff remained employed from June 15 to June 23, 1977, pursuant to a temporary restraining order granted by the court on June 14, 1977. Her employment then continued until August, 1977, based upon the stipulated interim order issued by the court on June 23, 1977, and finally continued until Mr. Mabee's death under the conservatorship set up by the Probate Court for the District of North Haven on August 8, 1977.

3. Paragraph 3 is denied, in that the following claims remain outstanding:

(a) Plaintiff was forced by the interference of defendant to bring this action for a temporary and permanent injunction to maintain her employment with Mr. Mabee.

(b) Plaintiff was forced by the interference of defendant to institute conservatorship proceedings with respect to Mr. Mabee.

(c) Plaintiff incurred expenses in the amount of $791.68 in proceeding with the above two actions, all as a result of defendant's interference.

(d) Because of the interference of the defendant, plaintiff was never paid the increased weekly wages upon which she and Mr. Mabee had agreed shortly after her employment by him in March 1976. Nor was she ever paid the Blue Cross and CMS benefits which Mr. Mabee had promised her. The lost wages amounted to a difference of $75.00 per week for 121 weeks, totalling $9,075.00, and a further loss of $1,007.40 for unpaid insurance benefits.

(e) Plaintiff is entitled to recovery in quantum meruit for the fair value of her services to Mr. Mabee from March 1976 to June 1978, payment of which was prevented by defendant's interference.

(f) Plaintiff was caused to suffer emotional distress, pain, physical exhaustion, stress, anxiety, fear for Mr. Mabee's welfare, and mental anguish, all as a result of defendant's interference.

> PLAINTIFF,
> JULIANA HERMAN
> By Julia T. Bradley
>     Winer & Sulzbach
>     Attorneys for
>     Plaintiff"

defendant's special defense,[6] which is a part of the pleadings. These damages are also described in the plaintiff's affidavit submitted in opposition to the motion for summary judgment. See 4 Restatement (Second), Torts § 774A.[7]

A motion for summary judgment may be granted only when there is no genuine issue as to material facts. Practice Book § 384.[8] Because the plaintiff's claim for damages has not been mooted by the death of Mabee, there are material facts which are in genuine dispute. The summary judgment, therefore, was erroneous.

There is error, the judgment is set aside and the case is remanded to the trial court for further proceedings.

In this opinion the other judges concurred.

---

[6] See footnote 1, supra.

[7] 4 Restatement (Second), Torts § 774A: "DAMAGES (1) One who is liable to another for interference with a contract or prospective contractual relation is liable for damages for

(a) the pecuniary loss of the benefits of the contract or the prospective relation;

(b) consequential losses for which the interference is a legal cause; and

(c) emotional distress or actual harm to reputation, if they are reasonably to be expected to result from the interference.

(2) In an action for interference with a contract by inducing or causing a third person to break the contract with the other, the fact that the third person is liable for the breach does not affect the amount of damages awardable against the actor; but any damages in fact paid by the third person will reduce the damages actually recoverable on the judgment."

[8] Practice Book § 384 provides: "——JUDGMENT

The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."