[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 12, 1994, the plaintiffs, Anthony and Cynthia Calandro, filed an amended complaint (#156) against the defendants, Allstate Insurance Company (Allstate), Meyer Biller, Biller Associates, Inc. (Biller Associates), and Jon D. Biller d/b/a the Biller Law Firm, arising out of the alleged improper handling of an insurance claim for fire loss that occurred on November 18, 1991. The amended complaint consists of seven counts. The first count is against Allstate for breach of contract in failing to comply with various provisions of the plaintiffs' insurance policy with Allstate. The second, third and fourth counts are directed at defendants Meyer Biller and Biller Associates, as the plaintiffs' public insurance adjuster, for breach of contract, negligence, and violation of the Connecticut Unfair Trade Practices Act (CUTPA). The fifth and sixth counts are directed at Jon D. Biller d/b/a the Biller Law Firm for negligent representation of the plaintiffs in their claim for fire loss against Allstate, and for violation of CUTPA. CT Page 14105
On December 5, 1994, defendant Allstate filed an amended third-party complaint (#154) against the third-party defendant, Biller Associates. The third-party complaint consists of two counts. The first count is for common law indemnification. Allstate alleges that Biller Associates was retained by the plaintiffs to handle the submission of the plaintiffs' claim to Allstate, that Biller Associates informed Allstate that all communications with the Calandros should be directed to Biller Associates, and that Biller Associates prepared estimates of the damages for the plaintiffs' losses and communicated with Allstate regarding the adjustment of the plaintiffs' losses. Allstate further alleges that if the plaintiffs were injured in the manner alleged in the plaintiffs' claim against Allstate, "then said injuries were proximately caused by the negligence and/or intentional conduct of Biller Associates. . . ." Amended Third-Party Complaint, pp. 2-3.
Allstate further alleges that Biller Associates' negligence and/or intentional conduct was the direct and immediate cause of the plaintiffs' injuries, that Biller Associates was in exclusive control of the situation to the exclusion of Allstate, and that Allstate did not know of the negligence and/or intentional conduct of Biller Associates, had no reason to anticipate it and reasonably relied on Biller Associates to act without negligence and/or in such an intentional manner.
The second count is also framed as a common law indemnification claim and is based on an alleged violation of CUTPA. Allstate alleges that Biller Associates is a "person" engaged in a "trade or commerce," as defined by General Statutes § 42-110a, and that the conduct of Biller Associates described in the first count constitutes unfair acts or practices in the conduct of a trade or business in violation of General Statutes § 42-110a et seq., for which Biller Associates is liable to Allstate. Allstate again alleges that the unfair trade practices of Biller Associates alleged above were the direct and proximate cause of the plaintiffs' injuries, that Biller Associates was in exclusive control of the situation to the exclusion of Allstate, and that Allstate did not know of the unfair trade practices of Biller Associates, had no reason to anticipate them and reasonably relied on Biller Associates to act without violation of the Connecticut Unfair Trade Practices Act. As a result of Biller Associates' conduct, Allstate claims that it has suffered an ascertainable loss and seeks indemnification for any judgment CT Page 14106 that may be rendered against it in favor of the Calandros.
On June 27, 1995, Biller Associates, filed a motion to strike the first and second counts of the third-party complaint. Specifically, Biller Associates claims that the first and second counts fail to state claims upon which relief can be granted in that: (1) the breach of contract claim alleged by the plaintiffs against Allstate cannot, as a matter of law, give rise to any indemnification cause of action against Biller Associates; (2) the first and second counts fail to allege that Biller Associates owed a special duty to Allstate arising out of an independent legal relationship; and (3) the second count, which is based upon an alleged violation of CUTPA, is legally deficient in that it (a) fails to set forth a valid indemnity claim, (b) the first-party plaintiffs have not asserted a CUTPA claim against Allstate for which Allstate can seek indemnity from Biller Associates, and (c) there was no "consumer relationship" between Biller Associates and Allstate which would allow Allstate to assert a CUTPA claim against Biller Associates. In support of this motion, Biller Associates has submitted a memorandum of law. On July 26, 1995, Allstate filed a memorandum of law in opposition to the third-party defendant's motion to strike.
"The purpose of a motion to strike is to `contest. . . the legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 398 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215.
In its supporting memorandum of law, Biller Associates argues that because the sole claim against Allstate in the first-party action is for breach of contract and Biller Associates did not have a duty to undertake any of Allstate's obligations under the insurance contract, there is no basis for finding Biller CT Page 14107 Associates liable to Allstate for Allstate's breach of contract. Furthermore, Biller Associates claims that any duty it may have owed, as the plaintiffs' public insurance adjustor, was to the plaintiffs, and any breach of such duty would only give rise to claims by the plaintiffs, not Allstate, against Biller Associates.
Second, Biller Associates argues that the first and second counts are fatally defective in that they fail to allege that Biller Associates owed a "special duty" to Allstate arising out of an "independent legal relationship" as required by Atkinson v.Berloni, 23 Conn. App. 325, 327, 580 A.2d 84 (1990).
Third, Biller Associates argues that the second count, which is based on a CUTPA violation, essentially realleges the indemnity claim in the first count and must fail because Biller Associates owed no duty, by contract or otherwise, to Allstate and because Allstate has failed to allege an independent legal relationship between it and Biller Associates which would give rise to a special duty. Further, Biller Associates claims that because the plaintiffs are not asserting a CUTPA claim against Allstate, Allstate may not make a CUTPA claim against Biller Associates as a third-party defendant.
Additionally, Biller Associates argues that there is no "consumer relationship" between Allstate and Biller Associates that would give rise to a CUTPA claim. Third-Party Defendant's Memorandum, p. 12, citing Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 725-727 (1993). According to Biller Associates, the same reasons articulated in Jackson v. R.G. Whipple, Inc., supra, for precluding CUTPA claims against an opponent's attorney, support Biller Associates' argument against allowing an insurance company to make a CUTPA claim against a public adjustor representing the insured. Third-Party Defendant's Memorandum, p. 13.
Allstate argues in its opposing memorandum that if Allstate's alleged breach of contract was proximately caused by the conduct of Biller Associates in any way, then Biller Associates may be liable for all or part of the first-party plaintiffs' claim against Allstate. Allstate claims that the nature of the underlying first-party claim (breach of contract) is not determinative as to the legal sufficiency of a third-party claim for indemnity. In addition, Allstate argues that Biller Associates could be held liable to both the plaintiffs and CT Page 14108 Allstate for its alleged wrongful conduct.
Furthermore, Allstate argues that an independent legal relationship existed between Biller Associates and Allstate by virtue of the fact that Biller Associates dealt directly Nevertheless, even if Biller Associates were a "stranger" to Allstate's contractual relationship with the plaintiffs, Allstate argues that the first count of the third-party complaint states a valid claim for tortious interference. Third-Party Plaintiff's Memorandum, p. 12 n. 2, citing Herman v. Endriss, 187 Conn. 374,376-77, 446 A.2d 9 (1982). Moreover, Allstate contends that Biller Associates acted as the plaintiffs' agent in presenting the plaintiffs' claim to Allstate and is therefore subject to liability to Allstate based on principles of agency law. Third-Party Plaintiff's Memorandum, pp. 14-15, citing Restatement (Second) of Agency § 329, comment i (1958).
Finally, Allstate argues that the second count states a valid claim for a violation of CUTPA, and that there is no requirement of a "consumer relationship" to assert a CUTPA claim. Third-Party Plaintiffs Memorandum, pp. 16-17, citing Larsen Chelsey RealtyCo. v. Larsen, 232 Conn. 480, 496, 656 A.2d 1009 (1995) ("the application of CUTPA does not depend upon a consumer relationship").
"`[I]ndemnity involves a claim for reimbursement in full
from one on whom a primary liability is claimed to rest, whilecontribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others."' Malerba v. Cessna AircraftCo., 210 Conn. 189, 194-95, 554 A.2d 287 (1989), quoting Kaplanv. Merberg Wrecking Corporation, 152 Conn. 405, 412, 207 A.2d 732
(1965). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct."Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990), citing Kaplan V. Merberg Wrecking Corporation,
supra, 152 Conn. 411.
"[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought. " Burkert v. Petrol Plus ofNaugatuck, Inc., supra, 216 Conn. 74, citing Kaplan V. MerbergCT Page 14109Wrecking Corporation, supra, 152 Conn. 415. "Such proof requires a plaintiff to establish four separate elements: `(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.'" Burkert v. Petrol Plus of Naugatuck, Inc.,
supra, 216 Conn. 74, citing Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 698, 535 A.2d 3571 (1988); Kaplan v. Merberg WreckingCorporation, supra, 152 Conn. 416.
In Atkinson v. Berloni, 23 Conn. App. 325, 327, 580 A.2d 84
(1990), the Appellate Court added a fifth element to active/passive indemnification claims. "implicit in indemnification cases is the requirement of an independent legalrelationship between the indemnitor and the indemnitee giving rise to a special duty." (Emphasis added.) Id., 327.
As stated above, "a party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. . . . [I]f a claim for indemnification is grounded intort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought." (Citation omitted; emphasis added.) Burkert v. Petrol Plus of Naugatuck, Inc.,
supra, 216 Conn. 74. In the present case, Allstate has attempted to state a claim for common law indemnification against Biller Associates based on an active/passive negligence theory. Although Allstate has attempted to allege the four elements required by the court in Burkert v. Petrol Plus of Naugatuck, Inc. to assert such a claim, the sole claim against Allstate in the first-party action is for breach of contract, not negligence. Thus, if negligence has not been alleged by the plaintiffs as to Allstate, it could not be proven that Biller Associates' negligence rather than the negligence of Allstate caused the plaintiffs' injuries, and indemnification would not be available. See Groher v.Zwerling, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 361694 (April 11, 1991, Clark, J.) (reaching same conclusion) (Copy attached for the convenience of the court). Although Allstate may have a valid claim against Biller Associates, Allstate's claims for common law CT Page 14110 indemnification are legally insufficient and the third-party defendant's motion to strike the first and second counts of the third-party complaint are therefore granted.
Because the third-party complaint fails to allege facts sufficient to support a claim for indemnification where the first-party plaintiffs' sole claim against Allstate is for breach of contract, the court need not address the additional grounds raised by Biller Associates in its motion to strike.
Howard F. Zoarski, Judge