[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The three defendants, Spencer J. McIlmurray, Christopher Penhall, and PanAmSat Corporation, have moved to strike all but the first and sixth counts of the eleven count complaint filed by plaintiff Precision Computer Services, Inc. After the motion was filed, plaintiff Precision withdrew the ninth and tenth counts. For the reasons stated below, the court denies the motion as to the second, third, fourth, fifth, and eleventh counts and grants the motion as to the seventh and eighth counts.
In the first count of its complaint, which is not a subject of the motion to strike, Precision alleges a claim against PanAmSat for the breach of an agreement to pay a fee for hiring a Precision employee. Precision alleges that it sold computer services to PanAmSat. In order to provide the services, Precision stationed one of its employees, Penhall, at PanAmSat's facility. Precision gave to PanAmSat work orders and invoices that provide, in part, "Buyer agrees that if this sale includes the sale of services by a Seller's Employee . . . and if . . . Buyer . . . employs . . . such Employee . . . for similar services, then the Buyer shall pay to the Seller an amount equal to . . . 75% . . . of the entire compensation to be paid by the Buyer . . . for (his) first year of employment." PanAmSat hired Penhall without paying the fee.
In the second count, which is a subject of the motion to dismiss, CT Page 1508 Precision asserts claims against PanAmSat and McIlmurray, who is a corporate officer of Precision, for tortious interference with a contract that Precision had with its employee, Penhall. Precision alleges that Penhall agreed in writing that upon the termination of his employment he would not render computer services to any of Precision's customers for whom he had rendered services and that he would not interfere with the relationship between Precision and any customer for whom he had rendered services. Precision further alleges that PanAmSat and McIlmurray were aware of this contract and expressed to Precision an interest in hiring Penhall. When PanAmSat and McIlmurray were told that Precision intended to enforce its rights under its contract with Penhall, PanAmSat and McIlmurray "punished" Precision by removing Precision from PanAmsat's approved vender list and thereafter hired Penhall.
PanAmSat and McIlmurray contend that Precision has failed to allege facts that show defendants acted with improper motive or improper means, which is a necessary element of a cause of action for tortious interference with contract rights. See Robert S. Weiss Associates,Inc. v. Wiederlight, 208 Conn. 525, 535, 546 A.2d 216 (1988). While the plaintiff must "plead and prove at least some improper motive or improper means," id. at 535, there is authority for the proposition that this burden is meant by pleading the defendant acted intentionally and without justification. See Restatement (second) Torts § 766, comment s. The court concludes that the plaintiff's allegations are sufficient. SeeHerman v. Endriss, 187 Conn. 374, 377, 446 A.2d 9 (1992).
The defendants also contend that the second count fails because Precision has failed to allege facts showing "actual damages." Precision has alleged that the enforcement of the Penhall agreement is necessary to protect Precision's business and reputation. The plaintiff has alleged facts showing that it has been harmed, which is sufficient. See Dinapoliv. Cooke, 43 Conn. App. 419, 428, 682 A.2d 603 (1996).
In the third count, Precision seeks punitive damages from PanAmSat and McIlmurray. The defendants contends that this claim fails because Precision has merely characterized the defendants' conduct without setting out facts showing either a specific tort or outrageous conduct done with a bad motive or with a reckless indifference to the interest of others. The plaintiff has, however, alleged the elements of an intentional tort. A finding of actual loss may support an award of punitive damages as long as the evidence shows that the resulting injury as well as the action producing the injury was intentional. Hi-Ho Tower,Inc. v. Com-Tronics, Inc., 255 Conn. 20, 34, 761 A.2d 1268 (2000); Markeyv. Santangelo, 195 Conn. 76, 77, 485 A.2d 1305 (1985).
In the fourth count, Precision asserts a claim against PanAmSat and CT Page 1509 McIlmurray under the Connecticut Unfair Trade Practices Act, Gen. Stat. § 42-110 (b) et seq. The defendants contend the allegations are insufficient. The court has reviewed the complaint and concludes that the plaintiff has alleged facts relevant to the criteria used to determine whether a practice is unfair and violates CUTPA. See Hartford ElectricSupply Co., v. Allen-Bradley Co., 250 Conn. 334, 368, 736 A.2d 824
(1999).
In the fifth count, Precision asserts a claim against PanAmSat for unjust enrichment. Precision contends that the allegations in this count are inconsistent with the claim in the first count, which is based on the existence of an express contract. While the plaintiff may not recover simultaneously on both counts, it may nevertheless plead in the alternative to protect itself should its first claim fail.
In the sixth count, Precision asserts a claim against Penhall for breach of his employment agreement. The defendants have not moved to strike this count.
In the seventh count, Precision asserts a claim against Penhall for tortious interference with an economic, business and contractual relationship between Precision and PanAmSat. Precision alleges that Penhall entered into discussions with PanAmSat, rendered computer services to PanAmSat, and accepted employment from PanAmSat when "he knew, or should have known, that it would interfere with, and rupture, the economic, business and contractual relationship between Precision and its customer, PanAmSAat. . . ." Precision has not, however, alleged that Penhall acted with an intent to cause such a result. Thus, it has not alleged an improper or tortious interference with a business expectancy. The motion to strike this count is granted.
In the eighth count, Precision seeks punitive damages from Penhall. Precision's conclusory allegations that Pehall's acts were purposeful, wanton, willful, immoral and malicious, without supporting allegations, do not convert a simple breach of an employment contract into conduct that supports a claim for punitive damages.
The ninth and tenth counts have been withdrawn by the plaintiff (See page 21 and 22 of Plaintiff's memorandum).
In the eleventh count, Precision asserts a claim for a preliminary and permanent injunction against PanAmSat, McIlmurray, and Penhall. Precision seeks to enjoin Penhall for a year from rendering computer services to PanAmSat and to enjoin PanAmSat from employing Penhall in such a capacity. The defendants argue that this count is based on speculative allegations about irreparable harm. Precision has sufficiently alleged an CT Page 1510 claim for equitable relief.
For the foregoing reasons, the court denies the motion to strike as to the second, third, fourth, fifth, and eleventh counts and grants the motion as to the seventh and eighth counts.
THIM, J.