[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: RE: MOTION #109 MOTION TO STRIKE
This instant action was brought in five counts. The first count sounds in breach of contract. The second count sounds in a breach of fiduciary duty. The third count sounds in a breach of an implied covenant of goof faith and fair dealing. The fourth count sounds in a tortious interference with a joint adventure agreement. And the fifth count sounds in a violation of the Connecticut Unfair Trade Practices Act.
On October 10, 2001, the defendants filed a motion to strike the fourth and fifth counts of the complaint.
As to the fourth count, the defendants assert that the tortious interference with a joint adventure agreement is not a recognized cause of action in the state of Connecticut; or in the alternative, said count fails to allege sufficient facts to satisfy the requirements to support a tortious interference claim.
As to the fifth count, the defendants assert that this count is legally insufficient for reason that the plaintiffs have failed to plead the threshold requirement of a "CUTPA" claim, in that they did not sufficiently allege that the defendant was engaged in the conduct of trade or commerce as defined by § 42-110a of the Connecticut General Statutes; or alternatively the defendants did not sufficiently allege facts that support a CUTPA claim.
Section Sec. 10-39 of the Connecticut Practice Book concerns the Motion to Strike. This section provides in pertinent part that:
(a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted. CT Page 12893
Whereas the moving party has filed a motion to strike a brief discussion of the requirements of said motion is necessary:
The purpose of a motion to strike "is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558
(1998) Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . ." (Citation omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293, (1997). "A motion to strike . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions. ." (Citation omitted; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 694, 748 A.2d 834
(2000). In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). A court may strike a claim for relief "only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998).
Medina v. Birts, No. CV99 036 69 05 5 (Nov. 14, 2000),2000 Ct. Sup. 14003
The defendants assert that the plaintiffs' fourth count fails to plead a cause of action that is recognized in the state of Connecticut. As was previously stated, the fourth count of the complaint sounds in tortious interference in a joint adventure agreement.
The elements of a claim of tortious interference are:
(1) a business relationship between the plaintiff and another party; (2) the defendant's intentional interference with the business relationship while knowing of the relationship; and (3) as a result of the interference, the plaintiff suffers actual loss. CT Page 12894 Solomon v. Aberman, 196 Conn. 359, 364, 493 A.2d 193
(1985); Herman v. Endriss, 187 Conn. 374, 377, 446 A.2d 9
(1982); Harry A. Finman Son, Inc. v. Connecticut Truck Trailer Service Co., 169 Conn. 407, 415, 363 A.2d 86 (1975)." Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 27, 761 A.2d 1268
(2000).
Suffield Devel. Assoc. L.P. v. National Loan Inv., 64 Conn. App. 192,204 (2001).
The defendants assert that the plaintiffs cannot recover on a tortious interference claim for reason that they cannot meet their burden of proof as to the first element, i.e., that there was a business relationship between the plaintiffs and another party. The plaintiffs on the other had asserts that a tortious interference claim may be brought against "the agent of a party to a contract".
Our Appellate Court has recognized an exception to the "another party" element of a tortious interference action:
. . . [I]t is well-settled that the tort of interference with contractual relations only lies when a third party adversely affects the contractual relations of two other parties. Hiers v. Cohen, 31 Conn. Sup. [305], 312, 329 A.2d at 612-13 [1973]; R an W Hat Shop, Inc. v. Sculley, 98 Conn. 1, 14, 118 A. 55
(1922)." (Emphasis in original.) Paint Products Co. v. Minwax Co., Inc., 448 F. Sup. 656, 658 (D.Conn. 1978). "[A]n agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract, Boyce v. American Liberty Insurance Co., 204 F. Sup. 317, 318 (D.Conn. 1962); see also Kecko Piping Co. v. Monroe, 172 Conn. 197, 202, 374 A.2d 179 (1977); Shaw v. Merrick, 60 App.Div.2d 830, 401 N.Y.S.2d 508, 509 (1st Dept. 1978), [the agent] could be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain." Bowman v. Grolsche Bierbrouwerij B.V., 474 F. Sup. 725, 733 (D.Conn. 1979). CT Page 12895
 Wellington Systems, Inc. v. Redding Group, Inc., 49 Conn. App. 152, 168 (1998).
The motion before the court is a motion to strike, not a motion for summary judgment. Although a motion to strike and a motion for summary judgment may be used to challenge the legal sufficiency of a pleading, the court must apply different standards to said motions. In a motion to strike, the court is required to assume as true all well pleaded facts.Eskine v. Castiglia, 253 Conn. 516, 522 (2000). While on the other hand, the court grants a motion for summary judgment when there is no issue genuine issue of material fact and the moving party is entitled to summary judgment as a matter or law. See Section 17-49 of the Connecticut Practice Book.
Whereas the issue raised by the moving party would require the court to come to specific conclusions concerning the facts cited in the complaint, i.e., whether Mr. Verderame was acting within the scope of his duties when he committed the acts alleged in the complaint, the issue raised by the movant cannot properly be addressed in a motion to strike. The issue is more properly addressed by way of a motion for summary judgment, the motion to strike the fourth count of the complaint is denied.
As to the fifth count of the complaint, the defendants assert that the plaintiffs have failed to allege sufficient facts to support a claim under CUTPA.
Section 42-110b of the Connecticut General Statutes concerns the Connecticut Unfair Trade Practices Act. Subsection 42-110b (a) provides that:
(a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
The defendants assert that the plaintiffs have not alleged any action on the part of Frank Verderame Construction, Inc. or Anthony Verderame relative to the joint adventure agreement that rises to the level of "trade or commerce." The plaintiffs on the other hand assert that they have alleged in their complaint that the defendant Frank Verderame is in "the business of real estate development" and that "[t]he third defendant, Frank Verderame Construction Company, Inc., is a construction company." The plaintiffs further asserts that the conduct allege in their complaint occurred in connection with the defendants' trade or business. CT Page 12896
 "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
 Cortese v. Mutual of Omaha Insurance Co., No. CV01 0183587 (May 1, 2002), 2002 Ct. Sup. 5705, 5706-5707 (Lewis, JTR).
Construing the facts in favor of the plaintiffs, this court comes to the conclusion that the allegations of the complaint are sufficient to state a cause of action sounding in CUTPA.
For the foregoing reasons, the Motion to Strike is denied in its entirety.
____________________ Richard A. Robinson, J October 7, 2002 CT Page 12897