GERALDINE L. TAYLOR *v.* SUGAR HOLLOW PARK, INC.
(2308)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued October 13—decision released November 29, 1983

*Alan R. Spirer,* for the appellant (defendant).
*Raphael Korff,* for the appellee (plaintiff).

BORDEN, J. The plaintiff sued the defendant for tortious interference with a business expectancy. The trial court found for the plaintiff and rendered judgment in the amount of $3500. The defendant appealed[1] on several grounds, one of which is dispositive.

It is not necessary to recite all the facts found by the trial court. Suffice it to say that after finding that the defendant had tortiously interfered with the plaintiff's expectancy of entering into a contract with a third party, the court went on to find that the plaintiff offered no credible evidence that she had suffered actual damage; and that there was a reasonable probability that the expected contract would not produce profits. Nonetheless, the trial court awarded the plaintiff $3500 damages. This was error.

Unlike other torts in which liability gives rise to nominal damages even in the absence of proof of actual loss; see *Riccio* v. *Abate,* 176 Conn. 415, 418–19, 407 A.2d 1005 (1979); it is an essential element of the tort of unlawful interference with business relations that the plaintiff suffered actual loss. *Herman* v. *Endriss,* 187 Conn. 374, 377, 446 A.2d 9 (1982); *Harry A. Finman & Son, Inc.* v. *Connecticut Truck & Trailer Service Co.,* 169 Conn. 407, 415, 363 A.2d 86 (1975); *Goldman* v. *Feinberg,* 130 Conn. 671, 37 A.2d 355 (1944); 3 Dooley, Modern Tort Law § 44.03, p. 216; Prosser, Torts (4th Ed.) § 130, p. 953. The trial court's findings that the plaintiff did not prove actual damage and that

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

there was a reasonable probability that there would not be profits from the expected contract are fatal to her cause of action.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.