[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, James J. Greco, Joseph R. Greco, Lawrence P. Coassin, and Bowling Partners, hereafter "defendants", move to set aside the verdicts on Counts Two and Three based upon the following grounds:
1. Contrary to the law and evidence;
 2. The award of damages is contrary to the law and evidence;
 3. The award of damages is inconsistent with the court's instructions;
4. The award of damages is excessive.
The recitation of the facts outlined in the defendants' memorandum to set aside the verdicts as to Counts Two and Three are essentially correct. The plaintiff, in its amended complaint, claimed as to the defendants that they interfered with a sales agreement dated April 9, 1987, which entitled the plaintiff to a $42,500 commission. The plaintiff alleged that a subsequent agreement dated May 22, 1987, entered into between the defendants and the seller of the property, the other named defendant in Count One, resulted in the interference of the original contract or which the commission of $42,500 was claimed.
The jury returned verdicts for $42,500 on Count One, and $21,500 on Counts Two and Three, respectively.
Re Motion to Set Aside Verdict on Count Two
The court instructed the jury that if they found that the May 22, 1987 contract was enforceable, for which a $21,500 commission would be due from North Haven Lanes, Inc., the other named defendant, the listing seller, then if they found tortious interference on the part of the defendants, the difference of $21,500 would be due or recoverable, i.e. the difference between the $42,500, the commission claimed in Count One. The jury found CT Page 5400 that the plaintiff should recover $42,500 in Count One, which is the full amount of the benefit of its bargain with the listing seller, North Haven Lanes, Inc. The court at the outset instructed the jury that if they found that the defendant in Count Two interfered with the April 9, 1987 contract, they would be required to reduce any award they found for the interference of the defendants.
The court instructed the jury if they found that the plaintiff was entitled to the commission under the May 22, 1987 contract against the listing seller [under the exclusive right to sell], they could award $21,500 as compensation for the interference, "the difference between the original contract and the price that they entered into as a result of the second contract."
Having found damages in the amount of $42,500 under Count One of the amended complaint, the original contract and benefit of the bargain between the seller, the other named defendant, the jury failed to follow the instructions of the court. The court hereby instructed the jury that they must reduce any award in Count Two by the amount they found in its favor under Count One. [See Memorandum of Defendants, page 3]. The court further agrees with the argument presented in its memorandum, pages 7 through 9. The jury failed to follow the court's instructions regarding the amounts of commission due and the amount they could have found for the tortious interference, if any.
There is no authority for attorney's fees for tortious interference.
There was no proof of any actual loss resulting from the alleged interference other than the claim for attorney's fees and interest, which at most had to be speculative. The plaintiff had made an offer of judgment April 8, 1988, as against the defendant North Haven Lanes, Inc., in the amount of $42,500. [Pleading #119]. If anything, this was a function of the court and not within any consequential damages arising out of any tortious interference.
 "Unlike other tort in which liability gives rise to nominal damages even in the absence of proof of actual loss; [citations omitted] it is an essential element of tort of unlawful interference CT Page 5401 with business relations that plaintiff suffered actual loss. [citations omitted]" See, Taylor v. Sugar Hollow Park Inc., 1 Conn. App. 38.
Accordingly, even though interference may have been found, even nominal damages need not be awarded.
The motion to set aside the verdict on Count Two is granted.
Re Motion to Set Aside Verdict on Count Three
Again, for the reasoning of the court as to Count Two, the jury arrived at an inconsistent verdict with the instructions and rulings of the court.
There was no evidence upon which the jury could arrive at a verdict for damages of the listing agreement if they found the full amount due the plaintiff under the original contract in the amount of $42,500. The court did not allow any evidence after notice of recission to the plaintiff in this case. The evidence at trial was that the plaintiff became aware of the contract of May 22, 1987 in which he would be entitled to a commission of $21,250 rather than the commission of $42,500, the amount claimed under Count One. Consequently, the defendant, North Haven Lanes, Inc., if anyone, breached the listing agreement, not the defendants Greco, Greco, Coassin and Bowling Partners, who were not parties to the listing agreement.
The motion to set aside the verdict on Count Three is granted.
Frank S. Meadow State Trial Referee