## PETER G. CONRAD ET AL. *v.* RONALD K. ERICKSON ET AL.
## (13841)

Foti, Lavery and Schaller, Js.

Argued November 29, 1995—officially released May 7, 1996

*Charlotte Croman,* for the appellant (named defendant).

*Jeffrey L. Ment,* with whom was *Joseph J. Cassidy,* for the appellees (plaintiffs).

SCHALLER, J. Peter G. Conrad and Sobstad Sailmakers, Inc.,[1] instituted a three count complaint against Ronald K. Erickson and Dorothy A. Erickson claiming constructive eviction, a violation of the Connecticut Unfair Trade Practices Act (CUTPA)[2] and intentional tortious interference with business relations. The defendants filed a counterclaim alleging unpaid rent and breach of a sales clause in a real estate contract. The jury found in favor of the plaintiff against only the named defendant[3] on all three counts of the complaint and in favor of the plaintiff on the defendants' counterclaims. The jury awarded the plaintiff $15,000.[4]

The named defendant claims that the trial court improperly (1) failed to charge the jury that constructive eviction is a special defense and not a cause of action, (2) failed to charge the jury that contractual consent to reentry is a defense to constructive eviction, (3) failed to set aside the verdict on the CUTPA count, (4) failed to set aside the verdict on the intentional tortious interference with business relations count, (5) failed to set aside the damages as excessive, (6) failed to set aside

---

[1] By agreement of the parties, the trial court charged the jury that it should treat Conrad and Sobstad Sailmakers, Inc., as one plaintiff. We will refer to them as the plaintiff for purposes of this opinion.

[2] See General Statutes §§ 42-110a through 42-110q.

[3] Only the named defendant, Robert Erickson, has appealed.

[4] We requested the parties to address at oral argument whether a CUTPA claim may be tried to a jury. In view of our conclusion as to the tortious interference count, we need not decide this issue. But see *Associated Investment Co. Ltd. Partnership* v. *Williams Associates IV,* 230 Conn. 148, 161–62, 645 A.2d 505 (1994) (no right to jury trial on CUTPA claim); *Meyers* v. *Cornwell Quality Tools, Inc.,* 41 Conn. App. 19, 674 A.2d 444 (1996) (while no right to jury trial on CUTPA claim, trial court did not abuse discretion by allowing case to be tried to jury).

the verdict as to the defendants' claim for unpaid rent, and (7) improperly instructed the jury on all counts. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On April 11, 1989, the plaintiff sold a parcel of commercial property located at 175-2 Elm Street, Old Saybrook, to the defendants. The plaintiff then leased back a portion of the building from the defendants for producing, selling and repairing sails. The named defendant occupied the remaining portion of the building. In August, 1991, problems developed between the plaintiff and the named defendant. On August 15, 1991, the named defendant had the locks on the premises changed. The plaintiff complained of a lockout and applied for a show cause order. The plaintiff regained possession of the premises on August 22, 1991. On various occasions subsequent to August 22, 1991, the named defendant turned off the plaintiff's water, electric and telephone services. As a result of these utility interruptions, the plaintiff was forced to move to a new location.

I

We first address the named defendant's claim that the trial court improperly failed to set aside the verdict on the count of tortious interference with business relations. He claims that, as a matter of law, a cause of action in tortious interference with business relations requires proof of interference with a *competitor's* business. We find no such requirement.

Connecticut has long recognized a cause of action for tortious interference with business relations. See *Blake* v. *Levy*, 191 Conn. 257, 464 A.2d 52 (1983); *Herman* v. *Endriss*, 187 Conn. 374, 446 A.2d 9 (1982); *Skene* v. *Carayanis*, 103 Conn. 708, 131 A. 497 (1926); *Bulkley* v. *Storer*, 2 Day (Conn.) 531 (1807). The necessary elements of a cause of action in tortious interference with

business relations are the existence of a business relationship, an intentional and improper interference with that relationship and a resulting loss of benefits of the relationship.[5] *Blake* v. *Levy,* supra, 262. While cases of tortious interference with business relations usually arise between competitors, a competitive relationship is not a necessary element of the cause of action.[6]

To hold a defendant who has tortiously interfered with another's business relations free from liability solely because the defendant has not injured a competitor is contrary to the law. "No man can justify an interference with another's business through fraud or misrepresentation, nor by intimidation, obstruction or molestation." *Skene* v. *Carayanis,* supra, 103 Conn. 714. The lack of a competitive relationship can in no way justify unwarranted interference with another's business relations. Furthermore, a plaintiff's injuries in such a situation are no less real because they are caused by a noncompetitor. We conclude, therefore, that the trial court did not act improperly in failing to set aside the verdict on the tortious interference with business relations count.

## II

The named defendant's next claim is that the damage award was excessive. Actual loss is an essential element of the tort of intentional interference with business

---

[5] The Restatement (Second) of Torts, § 766 (1979) provides: "One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from the loss of the benefits of the relation, whether the interference consists of: (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the prospective relation."

[6] In fact our Supreme Court has stated it "can discern no reason not to allow the tort of intentional interference with business expectancy to be maintained against public officials as well." *Kelly Property Development, Inc.* v. *Lebanon,* 226 Conn. 314, 340 n.30, 627 A.2d 426 (1993).

relations.[7] *Harry A. Finman & Son, Inc.* v. *Connecticut Truck & Trailer Service Co.*, 169 Conn. 407, 415, 363 A.2d 86 (1975); *Taylor* v. *Sugar Hollow Park, Inc.*, 1 Conn. App. 38, 39, 467 A.2d 935 (1983), citing *Herman* v. *Endriss*, 187 Conn. 374, 377, 446 A.2d 9 (1982). The named defendant argues that damages should be limited to the invoices introduced into evidence totaling approximately $8000 in damages. The jury was also presented with an affidavit of the plaintiff, however, that detailed his experience and knowledge of the sail making and repair business. On the basis of his experience, the plaintiff estimated that the actions of the defendants cost him approximately $20,000 in business losses.

"The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury." *Mather* v. *Griffin Hospital*, 207 Conn. 125, 138, 540 A.2d 666 (1988), citing *Herb* v. *Kerr*, 190 Conn. 136, 139, 459 A.2d 521 (1983). "The trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be indulged in favor of its correctness." *Mather* v. *Griffin Hospital*, supra, 139. The trial court denied the defendants' motion to set aside the verdict as to damages. Our function is to determine whether the trial court abused its discretion in denying the motion to set aside the verdict. Id. Our review of the record shows that the plaintiff estimated losses in business relations of $20,000 on the basis of his professional experience. These losses were in addition to the $8000 of documented damages. We conclude that the trial court did

---

[7] The Restatement (Second) of Torts, § 774A (1979), provides: "(1) One who is liable to another for interference with a contract or prospective contractual relation is liable for damages for (a) the pecuniary loss of the benefits of the contract or the prospective relation; (b) consequential losses for which the interference is a legal cause; and (c) emotional distress or actual harm to reputation, if they are reasonably to be expected to result from the interference."

not abuse its discretion in refusing to set aside the $15,000 damage award as excessive.

## III

The named defendant next claims that the trial court improperly instructed the jury on all counts by "insinuating the court's personal bias into the charges."[8] When error of this type is claimed in the charge to the jury, the appellant must include in his brief or appendix all relevant exceptions to the charge. See Practice Book § 4065 (d) (2). The named defendant's brief does not identify any exceptions to the charge challenged on appeal. Our independent review of the record reveals no exceptions to the charge. The issue, therefore, is not properly briefed or preserved to warrant our consideration. See *Donner* v. *Kearse*, 234 Conn. 660, 680, 662 A.2d 1269 (1995); *State* v. *Krzywicki*, 39 Conn. App. 832, 835, 668 A.2d 387 (1995).

Because we conclude that the verdict on the count alleging tortious interference with business relations is not contrary to law, that the total damage award is supported by this count, and that there is no other error on this count, we need not reach the other issues in this appeal. In declining to reach the other issues presented on appeal, we look to the general verdict rule. "[I]t has ever been considered to be the rule, that if any of the counts are good, it shall be presumed the damages were assessed on those counts, and the verdict shall stand." *Curry* v. *Burns*, 225 Conn. 782, 789, 626 A.2d 719 (1993). Because the jury found for the plaintiff on all counts, and no interrogatories were served on the jury with regard to damages, it is impossible to deter-

---

[8] The trial court gave the following instruction to which the defendant objects: "Now, that you're going to come out, you're going to have two verdict forms when you come out. Now, you can find, in this case—you can find in favor of the plaintiff on the complaint and maybe find in favor of the defendant on their counterclaim."

mine how the damage award was derived. Moreover, because the jury award is supportable on the single count of tortious interference with business relations, our resolution of the remaining issues on appeal in favor of the defendant would be of no consequence.

The judgment is affirmed.

In this opinion the other judges concurred.

