[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 14, 1996, the plaintiff, Dworkin Construction Corp., filed a twelve count amended complaint against the defendants, Shremshock-Yoder Architects, Inc. (Shremshock-Yoder), Gerald Shremshock, and Gerald Shremshock, doing business as S-Y.
In count one, the plaintiff alleges the following facts: it is a commercial construction firm and the defendant, Shremshock-Yoder Architect, Inc. is an architectural firm which provided an architectural drawing ("Standard Drawing") to Wendy's Old Fashioned Hamburgers of New York, Inc. (Wendy's) on January 3, 1994. The plaintiff alleges that Shremshock-Yoder developed a second drawing ("Bid Drawing") for Wendy's on July 19, 1994, which the plaintiff claims was less inclusive of the requirements and specifications set forth in the Standard Drawing.
These drawings pertained to a project to remodel an existing building for Wendy's in Guilford, Connecticut. The plaintiff alleges that it relied on the Bid Drawing, pursuant to industry practices, for its calculations and was later awarded the construction contract based on its bid of $198,929.00. The plaintiff alleges that on or about September 11, 1994, Wendy's required the plaintiff to comply with the requirements set forth in the Standard Drawing. The plaintiff claims that it suffered CT Page 5261-GGGG damages of $22,477.00 for additional labor and materials purchases.
The plaintiff further alleges that Shremshock-Yoder negligently misrepresented the requirements of the construction contract by omitting specifications set forth in the Standard Drawing from the Bid Drawing. The plaintiff asserts that Shremshock-Yoder knew or should have known that the Bid Drawing did not accurately set forth all the requirements for the construction project, even though the Bid Drawing would be used as a device to calculate bids. The plaintiff relied on Shremshock-Yoder's professional licenses and preparation for its bid.
Counts five and nine contain the same allegations as count one, except that they name Gerald Shremshock and S-Y, respectively, as defendants.
In pertinent part, the complaint further alleges that the three defendants, Shremshock-Yoder Architects, Inc., Gerald Shremshock, and S-Y, negligently interfered with the construction contract. (Count four; Count eight; Count twelve.)
On May 30, 1996, the defendants filed a motion to strike counts four, eight and twelve of the amended complaint on the grounds that the plaintiff fails to state a claim upon which relief can be granted because Connecticut does not recognize a claim of negligent interference with contractual or business relations and additionally, that the plaintiff failed to plead that the defendants' conduct was intentional, or that they had any "improper means or motive," both necessary elements for a claim of intentional interference with contract or business relations. The defendants further move on grounds that the plaintiff failed to allege that any of the defendants had knowledge of a contract or that a contract even existed at the time of the defendants' alleged conduct, and finally, that the plaintiff has not alleged conduct on the part of any of the defendants that could be characterized as tortious. They also filed a memorandum of law as required by Practice Book § 155. The plaintiff filed a timely memorandum in opposition to the motion to strike.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotations marks CT Page 5261-HHHH omitted). Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." Id., 215. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id.
In support of their motion to strike, the defendants argue that the plaintiff has failed to state a claim on which relief can be granted because Connecticut does not recognize a cause of action for negligent interference with contractual or business relations. Additionally, they argue that the plaintiff has failed to meet its burden of pleading the necessary elements of an action for intentional interference with contractual or business relations. The defendants, citing to Blake v. Levy, 191 Conn. 257,262, 464 A.2d 52 (1983), state that the essential elements of a cause of action for tortious interference with contract rights or business relations are the existence of a contractual or beneficial relationship, the defendants' knowledge of that relationship, and intentional interference in the relationship, which results in a loss. Additionally, the plaintiff must "plead and prove at least some improper motive or improper means."
The defendants further argue that they prepared the drawings for Wendy's prior to the time of the plaintiff's bid and its resulting construction contract with Wendy's. They state that they had no knowledge of the Dworkin-Wendy's contract. The defendants also assert that the plaintiff has failed to allege any improper motive or means by them. Finally, the defendants point out that the plaintiff has not alleged that it had any contractual relationship with any of the three defendants.
In opposition to the defendants' motion to strike, the plaintiff argues that Connecticut recognizes the tort of negligent interference with a contract. Relying on Kakadelis v.DeFabritis, 191 Conn. 276, 279, 464 A.2d 57 (1983), the plaintiff argues that it need not plead or prove malice and motive because it is not a requirement for negligent interference with business relations.
The plaintiff also cites Kakadelis for the proposition that "for a plaintiff successfully to prosecute . . . it must prove that the defendant's conduct was . . . tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation. . . ." KakadelisCT Page 5261-IIIIv. DeFabritis, supra, 191 Conn. 279. The plaintiff asserts that when the defendants allegedly misrepresented Wendy's construction requirements in the Bid Drawing, the defendants interfered with the Dworkin-Wendy's contract which resulted in damages.
"Connecticut has long recognized a cause of action for tortious interference with business relations." Conrad v.Erickson, 41 Conn. App. 243, 245, 675 A.2d 906 (1996). "The action was first recognized in Bulkley v. Storer, 2 Day (Conn.) 531, 536 (1807)." Id., n. 2. "Connecticut recognizes two causes of action for tortious interference with a contract. These actions are negligent interference with a contract and intentional interference with a contract." Ferrara v. Rogers, Judicial District of Stamford-Norwalk at Stamford, Docket No. 094066 (September 11, 1990, Flynn, J., 5 CSCR 738).
"[T]his court has required privity of contract in order to sustain a claim for negligent interference with contract obligations." (Internal citations omitted). Blake v. Levy,191 Conn. 257, 259, 464 A.2d 52 (1983). "Negligent interference with contractual relations requires privity of contract between the plaintiff and the defendant." Gillette v. Town of New Milford,
Judicial District of Litchfield, Docket No. 054791 (September 16, 1992, Pickett, J., 7 CSCR 1248).
In the present case, the plaintiff does not allege the existence of a contract between it and any of the three named defendants. Thus, the plaintiffs have failed to state a claim for negligent interference with contract or business relations.
Although the Connecticut Supreme Court requires "privity of contract in order to sustain a claim for negligent interference with contractual obligation . . . there is no such requirement in cases involving intentional interference with business relation."Blake v. Levy, supra, 191 Conn. 259. The plaintiff fails to state a claim for such intentional interference. The elements for intentional interference with contract or business relations include "the existence of a contractual or beneficial relationship and that the defendant(s), knowing of that relationship intentionally sought to interfere with it; and as a result, the plaintiff claimed to have suffered a loss." Solomonv. Aberman, 196 Conn. 359, 364, 493 A.2d 193 (1985). "[A] plaintiff . . . must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or CT Page 5261-JJJJ molestation . . . or that the defendant acted maliciously. The burden is on the plaintiff to plead and prove at least some improper motive or improper means." Id., 365. See also Robert S.Weiss Assoc., Inc. v. Weiderlight, 208 Conn. 525, 536,546 A.2d 216 (1988) (court holds that the plaintiff must allege improper motive or means in an action for tortious interference with a contractual relationship); Kelley Property Development, Inc. v.Lebanon, 226 Conn. 314, 342 n. 31, 627 A.2d 909 (1993) (court states that the tort of intentional interference with business expectancy "requires the plaintiff to establish the bad faith, malice or improper motive of the defendant.")
The plaintiff has not alleged that the defendants knew of its contract with Wendy's and that the defendants intentionally interfered with the contract. Nor has the plaintiff met its burden of pleading any improper motive or means.
Therefore, the defendants' motion to strike the fourth, eighth and twelfth counts of the plaintiff's amended complaint is granted because it has failed to allege a cause of action for either negligent or intentional interference with contractual or business relations.
Howard F. Zoarski State Trial Referee