[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
Re: Motion for Summary Judgment
The following facts are undisputed. The plaintiff, Laurie Wilkinson was employed at The Club, a health fitness center in New Milford as the executive director. The defendant, Joanne Cooley, was also employed by The Club. At all times relevant, Sporting Clubs of America (SPOA) managed the day-to-day operations of The Club. The Club was owned by a limited liability company whose members were Eugene H. Rosen and Bruce Weinstein. The plaintiff's employment was terminated on June 14, 1996.
On August 6, 1996, the plaintiff filed a five count complaint CT Page 4847 against the defendant. Counts one and two allege that the defendant published defamatory statements in two memorandums that were addressed to Robert Dinnerman, president of SPOA. The memorandums, both dated May 22, memorialized conversations between the plaintiff and the defendant on May 20 and 21. Counts three, four and five, incorporate the allegations from counts one and two and allege, respectively, tortious interference with contract, tortious interference with prospective business relationships and tortious interference with then existing contracts and business relations.
The defendant filed this motion for summary judgment on February 24, 1997. The defendant moves for summary judgment on the grounds that there is no nexus between the plaintiff's alleged harm and the alleged defamatory statements, and that the plaintiff cannot establish that the defendant's qualified privilege to draft the intra-company communications was abused because the defendant was directed, by her superior, to memorialize the events set forth in the alleged defamatory statements.
Discussion
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Doty v. Mucci, 238 Conn. 800, 805,679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "A summary disposition . . . should be on the evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Brackets omitted.) Id., 752. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." Doty v. Mucci, supra, 238 Conn. 805. "The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Id. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). CT Page 4848
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 380. "A response to a question propounded in a deposition is not a judicial admission." Esposito v. Wethered,4 Conn. App. 641, 645, 496 A.2d 222 (1985). However the Appellate Court has held that deposition testimony, while not conclusive as a judicial admission, is sufficient to support entry of summary judgment in the absence of contradictory competent affidavits that establish a genuine issue as to a material fact. Collum v.Chapin, 40 Conn. App. 449, 450 n. 2, 671 A.2d 1329 (1996).[1]
"The necessary elements of a cause of action in tortious interference with business relations are the existence of a business relationship, an intentional and improper interference with that relationship and a resulting loss of benefits of the relationship. " Conrad v. Erickson, 41 Conn. App. 243, 245-46,675 A.2d 906 (1996). "A claim for tortious interference with contractual relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendant's knowledge of that relationship, (3) the defendant's intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendant's tortious conduct." Collum v. Chapin,
supra, 40 Conn. App. 452.
To find the defendant liable for defamation, the plaintiff must prove that the defendant filed false statements that harmed the defendant and that the defendant was not privileged to do so.Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,234 Conn. 1, 27, 662 A.2d 89 (1995). "There are two facets to the defense of privilege. The occasion must be one of privilege, and the privilege must not be abused. Whether the occasion is one of privilege is a question of law." Id., 28. "[C]ommunications between managers regarding the review of an employee's job performance and the preparation of documents regarding an employee's termination are protected by a qualified privilege." Id., 29. "Whether the privilege was abused depends upon whether there was malice in fact in uttering and broadcasting the alleged defamatory matter." Id., 28. "[W]hether the privilege is . . . defeated through its abuse is a question of fact to be decided by the jury." Bleich v. Ortiz, 196 Conn. 498, 501, 493 A.2d 236
(1985). CT Page 4849
The defendant argues that the plaintiff was not harmed by the alleged defamatory statements. She contends that the decision to terminate the plaintiff had nothing to do with the information contained in the two memorandum. Eugene Rosen stated in his affidavit that his decision to terminate the plaintiff was based on his belief that the business of the Club would be benefited by the plaintiff's termination. The affidavit further states that the decision was made without any knowledge of the events identified as set forth in the May 22, 1996 memorandum or without any knowledge that the memorandum even existed.
The only contradictory evidence the plaintiff presented was a memorandum dated May 23, 1996 from Robert Dinnerman to the plaintiff that stated that the plaintiff, on May 20, verbalized negative feelings against the ownership and the management. That information was included in the defendant's May 20 memorandum. This information is not relevant to the issue of whether Mr. Rosen relied on or was aware of this memorandum.
The plaintiff further notes that the May 20 memorandum contains two fax numbers at the top of the page showing that the document was faxed twice. The first is from The Club, presumably by the defendant to SPOA. The second is from SPOA to an unknown third party. The plaintiff argues that the memorandum was also faxed by SPOA to either Mr. Weinstein or Mr. Rosen. This court will not engage in speculation as to where SPOA faxed the memorandum.[2] Accordingly, the court finds no reasonable dispute with regard to the fact that Mr. Rosen's decision to terminate the plaintiff's employment was not based on either of the two memorandums drafted by the defendant; thus, publication of the memorandum did not cause harm to the plaintiff.
Moreover, the plaintiff must also show that the defendant was not privileged to make the alleged statements. The plaintiff argues that the defendant abused this privilege by acting with malice. The defendant, relying on deposition testimony of Nancy Manno and Robert Dinnerman, contends that she was reluctant to memorialize the events of her confrontation with the plaintiff but did so solely at the insistence of her supervisor Robert Dinnerman, and therefore did not maliciously draft the alleged defamatory statements. The plaintiff presented no evidence to contradict this contention. Therefore, this court finds that no genuine issue of fact exists, and the defendant was privileged to make such statements and that the defendant did not act maliciously in making the statements. CT Page 4850
Accordingly, the defendant's motion for summary judgment as to counts one and two is granted. Moreover, counts three, four, and five incorporate and rely on counts one and two. Since the defendant maintained a qualified privilege to draft the two intracompany memorandums, no tortious or unlawful interference exists. Accordingly, the defendant's motion for summary Judgment as to counts three, four and five is also granted.
Pickett, J.