[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Mary Jane Brackett, M.D., a private attending physician, brings this action against the defendant, St. Mary's Hospital ("Hospital"), in Waterbury, for allegedly suspending her staff privileges in early 1997, in violation of the Hospital's Medical Staff Bylaws ("bylaws"). Plaintiff's complaint alleges a breach of contract in count one, tortious interference with a business relationship in count two, and a CUTPA violation in count three. The Hospital has moved to strike Plaintiff's complaint on the ground that all three counts are legally insufficient and fail to state causes of action upon which legal relief may be granted.
For the reasons that follow, the defendant's motion to strike count one and its alternative motion to strike the plaintiff's prayer for relief are denied. The defendant's motion to strike counts two and three is granted.
Facts and Procedural History
On June 10, 1997, the plaintiff, Dr. Mary Jane Brackett, filed a three count complaint against the defendant, St. Mary's Hospital but revised it on August 21, 1997. Plaintiff's revised complaint alleges the following facts:
On January 28, 1997, the Hospital's Medical Executive Committee ("Executive Committee") summarily suspended the plaintiff's staff privileges pursuant to the Hospital's bylaws. On February 25, 1997, the Executive Committee reviewed the January 28, 1997 summary suspension and decided to continue the suspension. The Executive Committee then notified the plaintiff of her rights under the Medical Staff Bylaws.
On February 28, 1997, the Hospital's Executive Vice President and Chief Operating Officer notified the plaintiff by letter that, as set forth in the Hospital bylaws, she was entitled to CT Page 1918 request a hearing before an ad hoc committee of the medical staff. Also, according to the letter and the Hospital bylaws, when the plaintiff requested a hearing, it would be scheduled within seven days of the plaintiff's request and the hearing would be held between thirty and thirty-seven days from the date of plaintiff's request.
On March 11, 1997, the plaintiff notified the Hospital in writing that she desired a hearing before an ad hoc committee of the medical staff. As of August 20, 1997, the date of the revised complaint, no hearing had been scheduled. Moreover, the plaintiff alleges that the Hospital has also failed to inform her in concise language of the acts or omissions with which she is charged, has not provided her with a list of the charts being questioned and has not provided her with the reasons or the subject matter under consideration regarding her suspension.
Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff had] stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-13, 680 A.2d 127 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix v. MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
Count One
The Hospital and the plaintiff agree that the test of substantial compliance is the proper test to apply in evaluating whether a hospital has sufficiently complied with its bylaws in suspending a physician's medical staff privileges. See, Owens v.New Britain General Hospital, 229 Conn. 592, 643 A.2d 233 (1994).
The Hospital contends, however, that Count One of the revised complaint fails to allege facts consistent with the substantial compliance test. Rather, according to the Hospital, Count One CT Page 1919 incorrectly asserts that the terms of the bylaws are mandatory. If the bylaws were construed as mandatory or if the plaintiff is allowed to base her claim on the theory that the bylaws are mandatory, the Hospital contends that the court would have to adopt the strict compliance test, which was specifically rejected in Owens, supra. The plaintiff's response to this argument is that the Hospital's complete failure to comply with its bylaws sufficiently alleges that the Hospital did not substantially comply with the bylaws.
Although the plaintiff describes some of the bylaws as "mandatory," the Court finds that she has alleged sufficient facts in Count One to establish a legally sufficient cause of action cognizable under Owens. Count One alleges that the Hospital failed to provide the plaintiff with the reasons for her suspension and has not informed her of the acts or omissions with which she is charged (Count One, ¶ 10). The complaint also claims that the Hospital failed to provide the plaintiff with a timely hearing and that as of the time of the filing of the revised complaint, the Hospital had not scheduled a hearing, as required by the Hospital bylaws (Count One, ¶ 9). Therefore, the Court finds that the plaintiff has sufficiently alleged that the Hospital has not substantially complied with the procedural protections set forth in the Hospital bylaws. Accordingly, the Hospital's motion to strike Count One and its alternative motion to strike the plaintiff's prayer for relief is denied.
Count Two
In Count Two, the plaintiff incorporated paragraphs one through eleven of Count One and further alleges in paragraph twelve of Count Two that: "In the manner described above, the defendant has tortiously interfered with the plaintiffs economic relationship with her patients and has thereby caused the plaintiff to suffer extreme emotional distress and ascertainable economic loss." The Hospital argues that this count fails to allege that the Hospital's acts were tortious. The plaintiff counters in her memorandum of law that the complaint sufficiently alleges that the Hospital acted intentionally and, that the act, "a violation so extreme that an inference of malice is inescapable," was a gross and egregious violation of its own bylaws.
"The necessary elements of a cause of action in tortious interference with business relations are the existence of a CT Page 1920 business relationship, an intentional and improper interference with that relationship and a resulting loss of benefits of the relationship. " Conrad v. Erickson, 41 Conn. App. 243, 245-46,675 A.2d 906 (1996). "For a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. . . ." Robert S. Weiss Associates, Inc. v.Widerlight, 208 Conn. 525, 536, 546 A.2d 216 (1988). "This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously. . . ." (Citation omitted.)Id.
Upon review of Count Two, it is apparent that the plaintiff has failed to plead sufficiently all of the elements of a cause of action of tortious interference with a business relationship. Count Two fails to allege that St. Mary's Hospital's conduct was tortious. "To raise an allegation of wilful conduct, the plaintiff must clearly plead that the harm was caused by the wilful or malicious conduct of the defendants." Robert S. Weiss Associates, Inc. v. Wiederlight, supra, 208 Conn. 536.
It is only in the plaintiff's memorandum of law that the plaintiff claims that the Hospital's act was malicious. In considering a motion to strike, the court is limited to a consideration of the facts alleged in the pleadings. Cavallo v.Derby Savings Bank, 188 Conn. 281, 285-86, 449 A.2d 986 (1982). The court may not consider the additional allegations set forth in the plaintiff's memorandum of law because they would constitute a speaking motion to strike which cannot be allowed.Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996).
Accordingly, the Court finds that the plaintiff has not alleged sufficient facts in her revised complaint to demonstrate that St. Mary's Hospital tortiously interfered with the plaintiff's economic relations with her patients. Therefore, the defendant's motion to strike Count Two is granted.
Count Three
In Count Three, the plaintiff incorporated paragraphs one through eleven of Count One and alleges in paragraph twelve, that "[i]n the manner described above, the defendant has engaged in unfair acts and practices in trade and commerce in violation of Section 42-110b of the Connecticut General Statutes and has there CT Page 1921 by caused the plaintiff to suffer ascertainable economic loss and extreme emotional distress." The Hospital argues that the plaintiff fails to allege facts sufficient to maintain a legally cognizable action under the Connecticut Unfair Trade Practices Act (CUTPA)[1]. Specifically, the Hospital contends that Count Three fails to allege facts that met any of the three prongs of the "cigarette rule."[2] The Hospital also argues that a breach of contract claim is insufficient to allege a CUTPA violation. The plaintiff responds that Count Three asserts that the Hospital "engaged in a gross and egregious violation of its own rules and of common fairness in arbitrarily and without any stated reason terminating the plaintiff's livelihood and denying her any opportunity for redress." The plaintiff further contends that the alleged conduct of the defendant meets all three prongs of the "cigarette rule."
"In determining when a practice is unfair, we have adopted the criteria set out in the `cigarette rule' by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2)whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . ." (Citations omitted; internal quotation marks omitted.) A-G Foods, Inc. v. Pepperidge Farm,Inc., 216 Conn. 200, 215, 579 A.2d 69 (1990).
Facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation. Lester v. ResortCamplands International, Inc., 27 Conn. App. 59, 71, 605 A.2d 550
(1992). Nonetheless, many superior courts have held that a simple claim of breach of contract is not sufficient to give rise to a CUTPA violation, "particularly where the complaint simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." World Cable Communications Inc. v. PhillipsBroadband Networks, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 521774 (March 25, 1994, Wagner, J.).[3]
Viewing the facts alleged in Count Three most favorably to the plaintiff, the Court finds that they are insufficient to CT Page 1922 support a claim of a CUTPA violation by the Hospital. The plaintiff has failed to show how the alleged breach of contract and breach of Hospital bylaws by the Hospital met any of the three prongs of the cigarette test. Accordingly, the Hospital's motion to strike Count Three of the plaintiff's revised complaint is granted.
IT IS SO ORDERED.
Dated at Waterbury, CT this 17th day of February, 1998.
BY THE COURT,
ESPINOSA, J.