[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE
On June 22, 1999, the plaintiff Angie Beveridge filed an amended complaint (complaint) against the defendants Bristol Spring Manufacturing Co. (BSM) and Edward Hittleman. The complaint contains eight counts. The first four counts allege, respectively, slander by Hittleman (count one), tortious interference with business relations by Hittleman (count two), tortious invasion of privacy by Hittleman (count three), and discrimination in violation of General Statutes § 31-290a by Hittleman (count four). Counts five through eight set forth, in the same sequence, the same causes of action against BSM. The CT Page 2219 defendants have filed this joint motion to strike counts two, three, four, six, seven and eight of the complaint.
Beveridge alleges in her complaint the following facts: She was an employee of the defendants for more than twenty years. Hittleman is an owner and president of BSM.
On August 15, 1996, Beveridge was injured at work, tripping over boxes in the company vault. She subsequently filed a workers' compensation claim and met with extreme opposition from her employer while pursuing this claim, including Hittleman lying to BSM's workers' compensation carrier about the origination of the plaintiff's injuries, citing a fictitious automobile accident as the cause. This opposition turned into open hostility, culminating in Beveridge being fired on January 17, 1997, by Hittleman. When fired, she was wrongly accused of stealing BSM property and lying to BSM management. Such statements were made by Hittleman and, with other false statements, were repeated to several third parties, including potential employers, vendors and other BSM employees.
The defendants seek to strike counts two and six on the ground that the counts are insufficient because the plaintiff failed to allege that the defendants' interference caused the plaintiff to lose a job, promotion or other benefit. They seek to strike counts three and seven on the ground that the counts are insufficient because the plaintiff failed to allege that the defendants communicated false information about the plaintiff to the public at large. Finally, the defendants seek to strike counts four and eight on the ground that these counts for discrimination are improperly joined in this action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "The court must construe the facts in the complaint most CT Page 2220 favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp. , 240 Conn. 576, 580,693 A.2d 293 (1997).
 COUNTS TWO AND SIX
As to counts two and six, the defendants argue that "[a] plaintiff who alleges interference with a prospective business relationship must plead and prove that `except for the tortious interference of the defendant, there was a reasonable probability that the plaintiff would have entered into a contract or made a profit.'" (Defendants' Memorandum, p. 4.) The defendants further argue that "[c]ounts 2 and 6 of the instant complaint are insufficient because they fail to plead facts showing that [the] defendants' alleged interference caused [the] plaintiff to lose an existing contract or prevented her from entering into a contract or realizing some benefit which she was reasonably likely to do." (Defendants' Memorandum, p. 5.) The plaintiff insists that the allegations in the complaint are legally sufficient as stated.
"The necessary elements of a cause of action in tortious interference with business relations are the existence of a business relationship, an intentional and improper interference with that relationship and a resulting loss of benefits of the relationship. " Conrad v. Erickson, 41 Conn. App. 243, 245-246,675 A.2d 906 (1996). "A plaintiff states an actionable cause by alleging that the defendant intentionally interfered with a business or contractual relationship of the plaintiff and that the plaintiff, as a result, has suffered an actual loss." Hermanv. Endriss, 187 Conn. 374, 377, 446 A.2d 9 (1982). Connecticut extends this tort to include interference with prospective business relations where actual damage has been suffered. See, e.g., Taylor v. Sugar Hollow Park, Inc., 1 Conn. App. 38, 39,467 A.2d 935 (1983)
Construing the allegations of counts two and six in the light most favorable to the plaintiff, she has plead the necessary elements for an interference with business relations cause of action. Beveridge alleges that Hittleman and BSM knew of her business relationship with Gros-ite Industries Corporation and Gibbs Wire and Steel, that Hittleman, as president of BSM, repeated the defamatory accusations to persons at each of those companies for the purpose of injuring her business reputation and costing her economic opportunities, that as a result she was CT Page 2221 denied employment with the former while her professional reputation was damaged with the latter, and that such caused her economic loss. Accordingly, the motion to strike counts two and six is denied.
 COUNTS THREE AND SEVEN
The defendants move to strike counts three and seven for failure to allege the requisite element of publicity, i.e. dissemination to the public at large. The plaintiff contends that she alleges the requisite facts and further asserts that the issue of publicity is one of fact and is not appropriately decided on a motion to strike. Under these circumstances, the court agrees with the plaintiff.
"In order to establish invasion of privacy by false light, the plaintiff must show (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." (Internal quotation marks omitted.)Jonap v. Silver, 1 Conn. App. 550, 557-58, 474 A.2d 800 (1984). Where a plaintiff fails to allege facts relating to publicity, the complaint will fail for insufficiently pleading a cause of action for invasion of privacy by false light. See Haydu v.Meadows, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 051983 (March 13, 1997, Flynn, J.).
The defendants argue that the allegations that Hittleman or BSM repeated defamatory statements to six people does not amount to communicating the information to the public at large. The defendants rely on Handler v. Arends, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 527732 (March 1, 1995, Sheldon, J.), for the proposition that communication to as many as ten people does not constitute publicity. That is not the holding of Handler.
Handler, a decision on a motion for summary judgment, involved an assistant professor of a college who was denied tenure. The denial of such tenure was communicated by the defendants at a private departmental meeting attended by ten individuals and in a written memorandum to the same persons. The limiting of the communications to one area of one institution, in the context of legitimate business, and not the number of persons involved, was the basis of the court's decision in Handler. CT Page 2222
In this case, the accusations did not remain within the walls of BSM. Plaintiff alleges that Hittleman and BSM repeated accusations of lying and stealing by her to several individuals outside of BSM, including potential employers and vendors of BSM. She also alleges that such accusations were repeated to employees of BSM who had no business need to hear such.
This court does not accept the concept that there is a magic number of persons, applicable to each situation, which constitutes a minimum for purposes of publicity in an invasion of privacy claim. Where the plaintiff alleges that falsehoods were communicated to prospective employers and others in her industry, publicity has been pleaded and the question of the sufficiency of such publicity becomes one of proof. See Decampos v. KennedyCenter, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 260290 (November 23, 1990, Licari, J.) Accordingly, the motion is denied as to counts three and seven.
 COUNTS FOUR AND EIGHT
Finally, the defendants move to strike counts four and eight on the ground that the two counts are improperly joined in this action because they bear no relation to the rest of the complaint. The plaintiff maintains that counts four and eight are based on the same factual context as the remainder of the complaint and that the causes of action arise out of the same course of conduct.
Practice Book § 10-21 states, in pertinent part, that "[i]n any civil action the plaintiff may include in the complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies; but, if several causes of action are united in the same complaint, they shall all be brought to recover . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." This rule should be interpreted liberally, to allow joinder of related claims where it is in the interest of judicial economy. See generally Riverav. Ingentio, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 479186 (September 29, 1997,Lager, J.) (20 Conn. L. Rptr. 451).
Reading the complaint as a whole, and in the light most favorable to the plaintiff, Beveridge's allegations are a time CT Page 2223 line of continued misconduct by the defendants toward her, beginning with her work related injury, progressing to her firing, and culminating in her subsequent vilification to others in her industry. The court finds that counts four and eight are sufficiently related to the remainder of the complaint to satisfy Practice Book § 10-21(7) and that judicial economy will be best served by their continued joinder with plaintiff's other counts.
In summary, the defendants' motion to strike counts two, three, four, six, seven and eight is denied in its entirety.
James T. Graham Superior Court Judge