[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: FUSCO CORPORATION'S MOTION TO STRIKE
This is an action brought by Wesconn Co., against ACMAT Corporation, the State of Connecticut, Fusco Corporation, Konover Construction Corporation and ACSTAR Insurance Company. In a Second Amended Complaint dated October 25, 2000, six of nineteen counts are brought against Fusco Corporation. In Count Seven, Nine, Ten, Eleven, Thirteen and Fifteen, the CT Page 5137 plaintiff alleges breach of oral contract, negligent misrepresentation, intentional misrepresentation, unjust enrichment, quantum meruit, and tortious interference with the plaintiff's business.
The defendant, Fusco, has filed a motion to strike and a memorandum of law in support of same. The plaintiff has filed an objection to Fusco's motion to strike and a supporting memorandum.
The State of Connecticut received bids from various contractors to act as the prime contractor for the in a project involving the construction of a library at Eastern Connecticut State University. Defendant, ACMAT, was awarded the contract for the project. The State of Connecticut hired two construction managers to represent its interest on the project. One was defendant, Fusco Corporation, and the other was Konover Corporation.
During the course of the project, ACMAT hired various subcontractors to perform portions of the work. On or about August 17, 1996 plaintiff, Wesconn Company was hired by ACMAT to perform fireproofing. Wesconn along with the numerous other subcontractors performed its work and the project achieved substantial completion by November 3, 1998.
Plaintiff has sued virtually all entities associated with the project contending that they failed to adhere to the plans and specifications for the project thereby causing plaintiff to perform extra work, less efficient work, and work outside the scope of the contract.
The State, although originally a party, was subsequently dismissed from the case on the grounds of sovereign immunity.
Each of the parties in their memoranda correctly state the standards for a motion to strike. A motion to strike contests the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Novametrix Medical Systems, Inc. v. BOC Group Inc.,224 Conn. 210, 214, 215 (1992), Waters v. Autouri, 223 Conn. 820, 825
(1996). In ruling on a motion to strike the Court is limited to the facts alleged in the complaint and the grounds specified in the motion.Blancato v. Feldspar Corp., 203 Conn. 34, 44 (1987). All facts well pled are admitted. Verdon v. Transamerica Insurance Company, 187 Conn. 363, 356 (1982), Mingachos v. C.B.S., Inc., 196 Conn. 91, 108 (1985). The Court must construe the facts in the complaint most favorably to the plaintiff. Waters v. Autouri, supra, Parsons v. United TechnologiesCorp., 243 Conn. 66, 68 (1997). Legal conclusions unsupported by facts are insufficient to survive a motion to strike. Malonui v. Conroy,208 Conn. 392, 394, Novametrix, supra,. Verdon v. Transamerica InsuranceCompany, supra. CT Page 5138
In Count Seven of the second amended complaint the plaintiff alleges an oral contract. Both parties agree as to the applicable law, that is, to state a claim for breach of contract the party must allege 1) existence of a contract, 2) its breach, and 3) damages resulting from the breach.O'Hara v. State, 218 Conn. 628 (1991). The defendant maintains that nowhere in the complaint does the plaintiff make the basic allegation of any contractual relationship between Wesconn and Fusco. The Court is in agreement with the defendant. The plaintiff brings up the contract between itself and ACMAT, the general contractor, but fails to allege that Fusco was a party to that contract. Plaintiff maintains that Fusco was the construction manager for the property at all times and was an agent, employee, servant or contractor or subcontractor representative of the state awarding authority, for the project; that the plaintiff was "led to believe that Fusco and others" would adhere to the conditions of plaintiff's "proposal" and to the plaintiff's specifications for the project. These allegations failed to allege the existence of even the most basic agreement between Wesconn and Fusco.
In the opinion of the Court there is no mutual understanding or meeting of the minds as to the essential elements of a contract — offer, acceptance and consideration. While as alleged in Paragraph 12 of Count Seven other directives were given by Fusco and Konover directly to plaintiff, there is no indication of a contractual arrangement between Fusco and the plaintiff. The plaintiff in Paragraph 13 of Count Seven, pleads that the plaintiff was led to believe and did believe that if he did not perform in accordance with the instruction he would not be permitted to conclude the project and in Paragraph 19 of Count Seven the plaintiff claims damages against Fusco for breach of its "oral contract to pay" for labor, service and materials. There is nothing in the allegations to indicate that Fusco had any authority to make any statements with regard to pay.
In the opinion of the Court the claim of an "oral contract to pay" without facts to substantiate the claim fails to make out an oral contract and the motion to strike is granted.
In the Ninth and Tenth Counts of the second amended complaint the plaintiff alleges negligent misrepresentation and intentional misrepresentation. To state a claim for negligent misrepresentation one must allege 1) a false representation was made as a statement of fact, 2) it was made for the guidance of another, 3) the party making the representation fails to exercise reasonable care in obtaining or communicating the information, and 4) another party justifiably relies on the representation to their detriment. Beverly Hill Concepts v. Shatz,Ribicoff, and Cocton, 247 Conn. 48, 57 (1998). A claim of intentional misrepresentation requires the same elements except misrepresentation is CT Page 5139 made intentionally rather than negligently. Weisman v. Kaspar,233 Conn. 531, 539 (1995). While the defendant, Fusco, recognizes that the Connecticut state court's do not maintain the same particularity requirements for fraud pleading as are observed in the federal courtsConnecticut National Bank v. Rytmann, 694 A.2d 1246, 1255 (1997), Connecticut does require fact pleading in which a party must provide a plain and concise statement of material facts on which it relies to support its claim, Connecticut Practice Book Sec. 10-1.
Denfendat maintains that the plaintiff does not reference a single fact that Fusco represented as true and was proved to be false. The plaintiff, however, in its Ninth and Tenth Counts incorporates paragraphs1-17 of Count One and in Count One plaintiff alleges in Paragraph 6 that at the time its agreement was entered into he was led to believe that the defendant, Fusco, and others, would adhere to the conditions of the plaintiff's proposal, to the conditions set out in the subcontract and to the plaintiff's specification, and in Paragraph 7 it alleges that the defendant Fusco failed to adhere to the conditions of the proposal, to the subcontract and to the conditions of the plans and specifications and thereby caused plaintiff subcontractor to perform extra work outside the scope of the construction contract, utilize extra crew, and incur cost overruns. The plaintiff then recites the various types of work that it was ordered to perform that were extra.
In arriving at its conclusions, the defendant has gone outside the facts alleged in the complaint, stating that Fusco as the construction manager had no interest, financial or otherwise, in what specific contractors ACMAT hired and had no interest in inducing plaintiff to submit the low bid for the job.
In the opinion of the Court the facts alleged in plaintiff's Second Amended Complaint dated October 25, 2000, at Count Nine fairly and adequately apprized the defendant, Fusco of plaintiff's intention to pursue a claim for negligent misrepresentation. As to this count, therefore, the Motion to Strike is denied.
The reasoning with respect to Paragraph 10, intentional misrepresentation, is the same as that with respect to Paragraph 9 except for the fact that in order to fulfil the requirements for intentional misrepresentation the plaintiff must allege that the defendant made the representations knowing they were untrue. The elements of intentional misrepresentation are 1) that a false representation was made as a statement of fact, 2) that it was untrue and known to be untrue by the party making it, 3) that it was made to induce the other party to act, and 4) that the latter did so act to its injury. Miller v. Appleby,183 Conn. 51, 54-55 (1981). Thus the elements to establish the cause of CT Page 5140 action in intentional misrepresentation are identical to that of negligent misrepresentation except that the plaintiff must plead intentional conduct rather than negligent conduct. In Paragraphs 18 and 19 of Count Ten, in the opinion of this Court, the plaintiff has adequately made such allegations. Therefore, the Motion to Strike Count Ten is denied.
The plaintiff in Count Eleven alleges unjust enrichment and in Count Thirteen quantum meruit. Both are challenged by the defendant Fusco.
One seeking recovery for unjust enrichment must prove 1) that the defendant was benefitted, 2) that the defendant unjustly did not pay the plaintiff for the benefit, and 3) that the failure of payment was to the plaintiff's detriment. Ayotte Brothers Construction Co. v. Finney,42 Conn. App. 578, 581 (1996). Unjust enrichment results when it is contrary to equity and good conscience for the defendant to retain a benefit that has come to him at the expense of the plaintiff. Pokorny v.Getta's Garage, 219 Conn. 439, 462 (1991). Unjust enrichment is a quasi contract claim based on equitable principals. Brighenti v. New BritainShirt Corporation, 167 Conn. 403, 407 (1974).
Quantum meruit applies whenever justice requires compensation to be given for property or services rendered under a contract and no remedy is available by an action on the contract. Williston Contracts (rev. Ed.) Section 1479, CBS Surgical Group Incorporated v. Holtz, 37 Conn. Sup. 555,557 (1981). Three essential elements must be established, 1) a benefit conferred upon the defendant by the plaintiff, 2) an appreciation or a knowledge by the defendant of the benefit, 3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value. CBS Surgical Group, Inc. v. Holtz, supra 558.
In neither Count Eleven nor in Count Thirteen is there any indication that the defendant had an obligation to pay the plaintiff or that Fusco benefitted in any way. Without such allegations neither count would stand and the Court, therefore, grants a Motion to Strike with reference to Count Eleven and Count Thirteen.
In Count Fifteen of this second amended complaint the plaintiff alleges tortious interference with a contractual relationship. Citing Contrad v.Erickson, 41 Conn. App. 243, 245-46, (1996), the plaintiff states that the necessary elements of a cause of action in tortious interference with business relations are 1) the existence of a business relationship, 2) an intentional and improper interference with that relationship, and 3) a resulting loss of benefits of the relationship. It further states that for a plaintiff successfully to prosecute such an action it must prove CT Page 5141 that defendant's conduct was in fact tortious. Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 536 (1988). The plaintiff maintains that this element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation (emphasis added), intimidation, or molestation, or that the defendant acted maliciously citing Weiss, supra. The defendant essentially agrees with the plaintiff's citation of the law quoting Merick v. Kuhn, 52 Conn. App. 724, 752, stating that the elements of tortious interference are 1) the existence of a contractual or beneficial relationship, 2) the defendant's knowledge of that relationship, 3) the defendant's intent to interfere with it, and 4) that consequent actual loss was suffered by the plaintiff. It further states that the third element, intent, requires proof that defendant's conduct was in fact tortious. Quoting from Daly v. Aetna Life Casualty Co.,249 Conn. 766, 805 (1999), "this element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation (emphasis added), intimidation, or molestation, or that the defendant acted maliciously." The defendant alleges that although plaintiff claims that Fusco acted intentionally in interfering with the plaintiff's contract with ACMAT these allegations of intentional interference made clear that the requisite malice has not been alleged.
In the opinion of the Court the complaint as a whole in reference to Fusco and Count Fifteen in particular make clear that the plaintiff has in fact fulfilled all the requisites of a claim of tortious interference with business. That being the case, the Court denies the Motion to Strike Paragraph 15.
In summation, it appears to this Court that the plaintiff had no contractual relationship with the defendant, Fusco. However, it does appear that Fusco was in a position to make, and according to plaintiff did make, both negligent and intentional misrepresentations to the plaintiff to its damage. However, there are insufficient allegations to show that the defendant had any type of obligation to pay the plaintiff or obtained any unjust enrichment nor did plaintiff have a contract with defendant which would warrant the application of quantum meruit. However, despite the lack of any contractual arrangement or any obligation to pay the plaintiff it was entirely conceivable and has been properly alleged that the defendant was in a position to make misrepresentations and cause tortious interference with the plaintiff's contract. As to the counts of misrepresentation and tortious interference the Court's final determination will depend upon the plaintiff's ability to prove its allegations, but the Court finds the allegations to be sufficient.
In conclusion, the Court grants the Motion to Strike Counts Seven, Eleven and Thirteen, and the Court denies the Motion to Strike Counts CT Page 5142 Nine, Ten and Fifteen.
HALE, JUDGE TRIAL REFEREE.